**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,       :
                                :
                                :        ID No. 1602011326
                                :                  1602011369
        v.                       :                  1602011318
                                :                  1602014791
                                :
                                :
KAMERON C. SCOTT,       :
                                :
                                :
        Defendant.         :

Submitted: March 8, 2023
Decided:   April 28, 2023

## <u>ORDER</u>

*Defendant's Motion to Modify Sentence –* **DENIED**

On this 28th day of April 2023, after considering Defendant Kameron C. Scott's motion for modification of sentence, and the State's response in opposition, it appears that:

1. In December 2015, Mr. Scott and three other individuals committed two armed robberies at a Waffle House and Shore Stop in Dover. They also committed a separate, and equally violent, home invasion. Pursuant to a plea agreement, Mr. Scott pled guilty to four offenses that collectively touched upon all three crimes. Specifically, he pled guilty to two counts of Robbery First Degree, one count of Aggravating Menacing, and one count of Conspiracy Second Degree. The Court then ordered a presentence investigation, as jointly recommended by the parties, and sentenced him to a combined nine years and three months of

unsuspended incarceration. In the sentencing order's terms and conditions, the Court included the following condition that referenced possible future sentence modifications:

> TASC to evaluate and monitor. The Court retains jurisdiction to modify this sentence.[1]

2. To date, Mr. Scott has served approximately seven years of his unsuspended Level V time. In his Superior Court Criminal Rule 35(b) motion, he asks the Court to immediately suspend the balance of his confinement and place him on home confinement or work release for six months, followed by Level III probation. He principally contends that the above-quoted TASC provision permits the Court to modify his sentence based upon good cause shown. Under that standard, he contends that the Court should immediately suspend his sentence because of (1) his work toward obtaining a high school degree; (2) the availability of work and housing upon his release; (3) his participation and completion of anger management, substance abuse, and behavioral management courses while in prison; and (4) his explanation to the Court regarding how he has learned about himself and grown as an individual since his sentencing.[2]

3. At the outset, the State agrees with Mr. Scott's contention that the Court retained jurisdiction to modify the sentence through the language quoted above.[3] Nevertheless, the State counters that the reasons provided in Mr. Scott's motion do not justify a sentence modification.[4] In that vein, the State maintains that Mr. Scott's dangerous conduct resulting in these convictions, coupled with his participation in a prison assault during his incarceration, demonstrate that he is not

---

[1] *State v. Scott*, ID No. 1602011318, at 5 (Del. Super. May 9, 2017) (SENT'G ORDER).
[2] Def.'s Mot. for Modification of Sentence ¶¶ 4–6, Ex. 4.
[3] State's Resp. to Def.'s Mot. for Modification ¶ 10.
[4] *Id.*

rehabilitated.[5]    Finally, the State emphasizes that the individual who Mr. Scott identifies in his motion as the person who will offer him a stable residence upon release, has himself been convicted of a robbery related offense, and is currently a wanted individual.[6]

4.    Generally, Superior Court Criminal Rule 35(b) prescribes what circumstances the Court may rely upon when modifying a term of imprisonment. Namely, the Rule provides the Court broad discretion to reduce a prison sentence provided a defendant requests the modification within ninety days of sentencing.[7] After the ninety-day period, however, the Rule permits the Court to modify the length of a defendant's incarceration only (1) under *extraordinary circumstances*, or (2) pursuant to a Department of Correction application filed pursuant to 11 *Del. C.* § 4217.[8]

5.    At the outset, Mr. Scott did not file his motion within ninety days of his sentence. Accordingly, it does not fall under Rule 35(b)'s more relaxed criteria for considering a request to reduce a term of incarceration. Given the untimely filing, the question turns to whether he has identified extraordinary circumstances that support modification. Here, he does not because his success in prison programs and other rehabilitative efforts do not qualify.[9]   Simply put, Rule 35(b) is an improper

---

[5] *Id*. at ¶ 11.

[6] *Id*. at ¶ 9.

[7] Super. Ct. Crim. R. 35(b).

[8] *See* 11 *Del. C.* § 4217 (recognizing that "good cause," cited in a compliant Department of Correction application includes, but is not limited to, the rehabilitation of the offender).

[9] *See State v. Culp*, 152 A.3d 141, 146 (Del. 2016) (explaining, *inter alia*, that because 11 *Del. C.* § 4217 includes rehabilitation within its "good cause" definition, rehabilitative efforts by a defendant are not extraordinary circumstances under Rule 35(b) that could justify review of an untimely motion); *see also State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) (TABLE) (defining extraordinary circumstances as things that (1) specifically justify the delay, (2) were entirely out of defendant's control, and (3) prevented defendant from seeking a timely remedy);

mechanism to modify a sentence based upon rehabilitative efforts.[10]   Nor is it the proper mechanism to modify his sentence because there is work and housing available to him upon his release.   As a result, Mr. Scott's motion under Rule 35(b) is procedurally barred because (1) he filed it more than ninety days after his sentencing, (2) his circumstances are non-extraordinary; and (3) the Department of Correction has not filed an application under 11 *Del. C.* § 4217(b).

6.     The Court recognizes that Mr. Scott's sentencing order permits a review of sentence outside ninety days for one set of circumstances:   necessary future modifications *based upon TASC monitoring*.[11]   In the State's response, it proffers that the Court's sentencing condition reserved jurisdiction sufficiently in this case to make the standard one of good cause for modification.[12]   For the reasons discussed below, however, the Court did not intend to preserve such broad jurisdiction in Mr. Scott's case.

7.     When the Superior Court adopted Rule 35(b), it imposed a check upon its authority to modify sentences.   Apart from Rule 35(b), the Court nevertheless retains the inherent power to modify sentences that impose imprisonment to ensure the proper administration of justice.[13]   As appropriately recognized in *State v. Remedio,*[14] a sentence modification based upon the Court's inherent authority requires the Court to preserve jurisdiction in its sentencing order.[15]   Such a sentencing provision must meet the following criteria: (1) the future potential

---

[10] *Culp*, 152 A.3d at 146.

[11] *Scott*, ID No. 1602011318, at 5.

[12] State's Resp. to Def.'s Mot. for Modification ¶ 10.

[13] *State v. Sloman*, 886 A.2d 1257, 1265 (Del. 2005).

[14] 108 A.3d 326, 330 (Del. Super. 2014).

[15] To be clear, neither Rule 35(b) nor the constraints discussed in this Order apply to modification of sentences other than those that modify the length of a defendant's imprisonment.  The Court retains broad authority to modify the terms and conditions of probation and periods of quasi-confinement.  Neither the 90-day rule nor the constraints of 11 *Del. C.* § 4217 apply in those contexts.

modification triggers upon the occurrence of a condition or conditions; (2) it must be express; (3) it must be included in the original sentencing order or the first Rule 35(b) modification; and (4) it must be intended to accomplish the original sentencing order's primary goals.[16]

8.     Here, the Court included language in its sentencing order intended to preserve its authority to modify Mr. Scott's sentence to facilitate substance abuse and mental health treatment, as monitored by TASC.[17]    Mr. Scott's proffered reasons for modification fall outside the primary goal of (1) his sentencing order, when viewed as a whole, and (2) the particular provision he relies upon.    In this case, Mr. Scott's motion is properly examined under the extraordinary-circumstance standard.    The Court did not intend for the TASC-related provision to broadly preserve jurisdiction to reduce Mr. Scott's current term of incarceration.

9.     Alternatively, even if the Court were to examine Mr. Scott's motion under the lens of good cause, the facts he presents in his motion do not qualify.   At the outset, his underlying offenses involved armed robberies and a violent home invasion.    At Mr. Scott's sentencing, the Court found four aggravating factors relevant to his sentence.[18]   They included prior violent criminal activity, lack of amenability, lack of remorse, and the need for correctional treatment.[19]   There were no mitigating circumstances to balance against them.   Moreover, his record while incarcerated does not support a modification.   Namely, he pled guilty in 2018 to conspiracy to commit an assault in a detention facility while serving the sentence he now seeks to modify.[20]

---

[16] *Remedio*, 108 A.3d at 330.
[17] *Scott*, ID No. 1602011318, at 5.
[18] *Id*. at 8.
[19] *Id*.
[20] Def.'s Mot. for Modification of Sentence ¶ 7.

**WHEREFORE**, for the reasons discussed above, Defendant Kameron Scott's motion for modification of sentence is **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Resident Judge

oc: Prothonotary
sc: Counsel of Record